IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN JENSEN,<br><br>      **Plaintiff,**<br><br>vs.<br><br>NUCOR CORPORATION, a Delaware Corporation; CRIS LOCKE, an individual; CODY MCDERMOTT, an individual; ZANE CHECKETTS, an individual; and DOES 1-50,<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Case No. 1:21-CV-00100-DAK-JCB<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendants' Partial Motion to Dismiss, filed on August 4, 2021. Plaintiff never responded to this motion until he filed a Notice of Non-Opposition on October 7, 2021. In light of this, the court concludes that no hearing is necessary and now enters the following order based on the materials submitted by the parties and the law and facts relevant to this motion.

## DISCUSSION

      Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Nucor Corporation, Chris Locke, Cody McDermott, and Zane Checketts (collectively, the "Defendants") have moved this court to dismiss Count Five of Ryan Jensen's ("Plaintiff") Complaint, and to dismiss the unnamed Does 1-50 Defendants (the "Doe Defendants"). Defendants bring this motion on two grounds. The first is that Plaintiff's claim against Defendants for negligent infliction of emotional distress must be dismissed because it

1

arises from an alleged on-the-job injury that is preempted by the Utah Workers' Compensation Act ("UWCA") and thus deprives this court of subject matter jurisdiction over the claim. The second is that the Doe Defendants must be dismissed for failure to state a claim against them because Plaintiff pled no allegations whatsoever regarding any acts or omissions of said Doe Defendants. The court agrees with both of these grounds for dismissal.

  I.  **Lack of Subject Matter Jurisdiction over Count 5**

Rule 12(b)(1) Motion to Dismiss Standard

  Rule 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction*.*" *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citation omitted). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Id*. at 1151 (quoting *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013)). "[F]ederal subject matter jurisdiction is elemental," and "must be established in every cause under review in federal courts." *Id*. (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012)). The "burden of establishing" a federal court's subject matter jurisdiction "rests upon the party asserting jurisdiction." *Id*. (citation omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id*. (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

The Utah Workers' Compensation Act

  Plaintiff's claim for negligent infliction of emotional distress (Count Five) is barred by the immunity provisions of the UWCA. The UWCA administrative scheme offers workers a "simple, adequate, and speedy" forum for remedying certain workplace injuries while also "protecting employers from 'disruptive or vexatious lawsuits' for alleged negligence." *Helf v.*

*Chevron U.S.A., Inc.*, 203 P.3d 962, 967 (quoting *Park Utah Consol. Mines Co. v. Indus. Comm'n*, 84 Utah 481, 36 P.2d 979, 981 (1934) and *Bryan v. Utah Int'l*, 533 P.2d 892, 893 (Utah 1975)). To that end, the UWCA broadly preempts claims arising from workplace injuries, stating:

> The right to recover compensation pursuant to this chapter for injuries sustained by an employee … is the exclusive remedy against the employer and is the exclusive remedy against any officer, agent, or employee of the employer and the liabilities of the employer imposed by this chapter is in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee.

Utah Code Ann. § 34A-2-105(1); *see also Sheppick v. Albertson's, Inc.*, 922 P.2d 769, 773 (Utah 1996) (holding that "[d]istrict courts have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act").

Utah courts apply an "indispensable element" test to examine whether a claim is preempted by the UWCA. *See Mounteer v. Utah Power & Light Co.,* 823 P.2d 1055, 1057-59 (Utah 1991). Under this test, "if proof of physical or mental injury is an indispensable element of any claim for relief, that claim is barred by the exclusivity provision of the [UWCA]." *Thomas v. Nat'l Semiconductor, Inc.*, 827 F. Supp. 1550, 1552 (D. Utah 1993). There is a narrow exception to this exclusivity provision if there is a deliberate intent to injure. *See Helf*, 203 P.3d at 969-71. The Utah Supreme Court has held that the UWCA provides the exclusive remedy for intentional infliction of emotional distress unless the plaintiff can prove the employer deliberately "intended or directed the injurious act." *Mounteer*, 823 P.2d at 1058.

In the present case, Plaintiff pleads in Count 5 that while at work, Defendants "committ[ed] … actions and omissions … which Defendants should have realized … might result in illness or bodily harm." (ECF No. 2 at ¶ 59). This is a negligent infliction of emotional distress claim against Defendants, and it is covered by the UWCA because it is a claim arising

3

from workplace conduct "against [an] employee of the employer," Utah Code Ann. § 34-A-2-105(1), that has "proof of physical or mental injury [as] an indispensable element." *Thomas*, 827 F. Supp. At 1552. Further, the deliberate intent to injure exception to the exclusivity provision of the UWCA does not apply to Count 5 because it is a claim based on negligence. Therefore, the UWCA preempts Plaintiff's negligent infliction of emotional distress claim against Defendants – the court does not have subject matter jurisdiction over Count 5.

## II.     Dismissal of Doe Defendants

Rule 12(b)(6) Motion to Dismiss Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations in a complaint and views them in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court "need not take as true the complaint's legal conclusions." *Dronsejko v. Thornton*, 632 F.3d 658, 666 (10th Cir. 2011). To withstand a 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to rise above the speculative level and state a plausible claim for relief. *Iqbal*, at 666.

Doe Defendants

Fed. R. Civ. P. 10(a) requires that each defendant be named and identified by their capacity to be sued. However, Doe defendant procedure has been found permissible if the complaint properly alleges wrongdoing as to the Doe defendants and the complaint sufficiently describes the Doe defendants so that their names would be mere "surplusage" and could be identified readily through discovery. *See e.g., Mecham v. Taylor*, 117 F.3d 1428 (10th Cir. 1997); *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992).

In this case, Plaintiff has failed to provide any allegations relating to the Doe Defendants. Plaintiff's sole reference to the Doe Defendants is contained in the "Parties" section of his Complaint and states as follows:

> DOES 1-50 are individual and/or business entities who under information and belief are responsible for and liable to Plaintiff for those acts, omissions, and/or damages raised herein. Plaintiff will amend this Complaint to allege the true names and capacities of such defendants when the same is ascertained. (ECF No. 2 at ¶ 6).

Paragraph 6 of the Complaint fails to sufficiently describe the Doe Defendants. Plaintiff could not settle on whether the Doe Defendants are individuals or business entities (or a mixture of both), and Plaintiff failed to include any facts or allegations with respect to the acts or omissions by the Doe Defendants elsewhere in the Complaint. Therefore, the court finds that Plaintiff failed to state a claim for relief against Doe Defendants.

## **CONCLUSION**

Based on the above reasoning, the court GRANTS Defendants' Partial Motion to Dismiss.

DATED this 12th day of October, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge